# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

CHANNEL BIO, LLC and MONSANTO COMPANY, )
)
Plaintiffs, )
)
v. ) No. 10-CV-3221
)
ILLINOIS FAMILY FARMS, )
PLEASANT VIEW FARMS, INC., )
RICK ROSENTRETER, AMY )
ROSENTRETER, FRANCES )
ROSENTRETER, DOUG )
ROSENTRETER, BRENT )
ROSENTRETER, and MATT WEYEN, )
)
Defendants. )

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court for Report and Recommendation on Defendants' Motion to Dismiss (d/e 16). See Text Order, dated October 28, 2010. Plaintiffs' three-count Complaint (d/e 1) alleges breach of contract (Count I) and unjust enrichment claims (Counts II and III) arising out of a purchase of crop seed. Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and (b)(7). As set forth below, dismissal is not warranted.

## BACKGROUND

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations the Complaint. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Plaintiff Channel Bio, LLC is engaged in the business of researching, developing, and selling corn seed. Plaintiff Monsanto is in the business of researching, developing, and selling crop seed; licensing crop biotechnology; and selling agricultural chemicals. According to the Complaint, Defendant Illinois Family Farms is a general partnership doing business in the State of Illinois. The Complaint alleges, upon information and belief, that the remaining seven defendants were, at all relevant times, partners in Defendant Illinois Family Farms.

Plaintiffs allege that Defendant Illinois Family Farms entered into a contract with Channel Bio on or about April 9, 2009. Pursuant to the terms of the contract, Defendant Illinois Family Farms financed the purchase in the amount of $388,500.00 of 2,100 unites hybrid corn seed, which Channel Bio shipped. Complaint, ¶¶ 24, 41. Plaintiffs allege that payment of the financed amount was due November 25, 2009, but Defendant Illinois Family Farms failed to remit any payment by that deadline. According to

the Complaint, under the contract, in the event full payment was not made by November 25, 2009, interest would accrue on the financed amount at a rate of 1.5% per month (18% per year) beginning June 1, 2009. Complaint, ¶ 27. Additionally, Plaintiffs allege that, under the agreement, Defendant Illinois Family Farms agreed to pay Channel Bio its attorneys' fees and costs incurred in collecting any unpaid balance. Id., ¶ 28.

    Plaintiffs further allege that Defendant Illinois Family Farms participated in a program, offered by Plaintiff Monsanto, named Roundup Rewards. According to the Complaint, Defendant Illinois Family Farms submitted Roundup Rewards claims during the 2009 growing season totaling $300,725.00, but failed to submit verification to establish that it qualified for the Roundup Rewards program. Monsanto denied two of the submitted claims, but, due to a clerical error, inadvertently processed and paid three of the claims, totaling $196,141.00. The improperly processed claims were paid by check payable to Garland City Farms. Plaintiffs allege that Garland City Farms is a farm operation associated with Defendant Illinois Family Farms and/or general partner Defendant Matt Weyen. Plaintiffs allege, upon information and belief, that the inadvertent payment

of $196,141.00 was directly or indirectly transferred to Defendant Illinois Family Farms and its partners.

In Count I, Channel Bio alleges breach of contract claims against all Defendants based on the alleged failure to pay $388,500.00 by November 25, 2009. In Count II, Channel Bio alleges unjust enrichment claims against all Defendants based on Defendants' alleged acceptance and retention of the hybrid corn seed. In Count III, Monsanto alleges unjust enrichment claims against all Defendants based on Defendants' alleged acceptance and retention of the inadvertent Roundup Rewards payment of $196,141.00. Defendants move to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and (b)(7).

## ANALYSIS

A. Federal Rule of Civil Procedure 12(b)(6)

To withstand the request to dismiss pursuant to Rule 12(b)(6), the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is

plausible if Plaintiffs plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Defendants arguments for dismissal hinge primarily on the Declaration of Rick E. Rosentreter, dated October 12, 2010, attached as Ex. A to the Motion to Dismiss. In his Declaration, Rosentreter avers that he is familiar with the partnership structure of Illinois Family Farms and that its partners are Rick Rosentreter, LLC; Doug Rosentreter, LLC; Brent Rosentreter, LLC; Gerald Rosentreter, LLC; Matt Weyen, LLC; RRDR, LLC; RRBR, LLC; GRDR, LLC; and GRBR, LLC. "[A] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." Miller v. Herman, 600 F.3d 726, 732 (7th Cir. 2010). The Court cannot consider material outside of the complaint and its attachments without converting a Rule 12(b)(6) motion to a motion for summary judgment. Fed. R. Civ. P. 12(d). In the instant case, such

conversion is not warranted. Neither side has asked the Court to convert the motion to a summary judgment motion. The issues raised in the declaration require discovery to resolve. Defendants fail to argue or establish that expedited discovery is appropriate. Defendants do not argue that Defendant Illinois Family Farms is not a proper defendant in Counts I and II; thus, the resolution of the instant motion will not resolve the entire case. Defendants may renew this argument, if appropriate, after discovery has been conducted in a properly supported motion for summary judgment. Therefore, the Court should exclude the Declaration of Rick E. Rosentreter in ruling on the Motion to Dismiss.

Turning to the breach of contract claims in Count I, Defendants assert that the allegations of the Complaint are insufficient as they relate to the existence of a valid contract or a breach of contract, both of which are essential elements of Channel Bio's claim under Illinois law. See Carlton at the Lake, Inc. v. Barber, 928 N.E.2d 1266, 1270 (Ill. App. 1st Dist. 2010) ("To establish a breach of contract, a plaintiff must show the existence of a valid and enforceable contract, performance of the contract by the plaintiff, breach of the contract by the defendant, and resulting injury to the plaintiff."). Defendants briefly assert that Channel Bio's allegations are

insufficient to establish that Rick Rosentreter had the ability to enter into a contract on behalf of Illinois Family Farms. This argument is unpersuasive, however. Plaintiffs allege that Rick Rosentreter was a partner in Defendant Illinois Family Farms at all relevant times. Complaint, ¶ 10. Under Illinois law, "[a]n act of a partner . . . for apparently carrying on in the ordinary course the partnership business or business of the kind carried on by the partnership binds the partnership" absent exclusions inapplicable to the allegations of the Complaint. 805 ILCS 206/301.

Defendants further assert that, under the allegations of the Complaint, the failure to submit payment in full by November 25, 2009 is not, by itself, a breach of the alleged agreement but rather merely triggers the accrual of interest at an annual rate of 18%. This argument is also unpersuasive. Plaintiffs allege that, under the applicable contract, Defendant Illinois Family Farms' payment of $388,500.00 was due no later than November 25, 2009, and Illinois Family Farms failed to remit any payment by November 25, 2009. Complaint, ¶¶ 25-26. This is sufficient allegation of breach; the fact that, under the contract, interest accrues in case of non-payment does not alter this conclusion.

Defendants also contend that Channel Bio fails to allege that it made demand on Defendants for the amounts owed under the contract or that Defendants refused such demand. However, nothing in the record indicates that demand was required. Demand is not a general element of a breach of contract claim under Illinois law. See <u>Carlton at the Lake, Inc.</u>, 928 N.E.2d at 1270. Neither party has provided the Court with a copy of the underlying contract, and Defendants do not argue that demand was a contractual requirement. Channel Bio states a claim in Count I.

Turning to Channel Bio's unjust enrichment claims in Count II, Defendants assert that Channel Bio fails to allege (1) demand or (2) that the alleged retention of the crop seed is unjust. To state a claim for unjust enrichment under Illinois law, "a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention violated the fundamental principles of justice, equity, and good conscience." <u>Board of Managers of Hidden Lake Townhome Owners Ass'n v. Green Trails Improvement Assoc.</u>, 934 N.E.2d 636, 644 (Ill. App. 2d Dist. 2010). Defendants fail to identify any cases which require a plaintiff to plead or prove demand in order to succeed on an unjust enrichment claim; thus, the omission of allegations relating to demand is

not grounds for dismissal. Additionally, Channel Bio alleges that Defendants "obtained crop seed, the value of which, in equity and good conscience, belongs to Channel Bio" and Defendants acceptance and retention of this benefit, under the circumstances, is inequitable. Complaint, ¶¶ 42-43. These allegations are sufficient to state a claim for unjust enrichment in Count II.

Defendants assert that Monsanto fails to state a claim in Count III because of the lack of connection between Garland City Farms and any named Defendant. However, Monsanto alleges, upon information and belief, that the inadvertent Roundup Rewards payment of $196,141.00 was directly or indirectly transferred to Defendant Illinois Family Farms and its partners. Complaint, ¶ 35. Monsanto further alleges that the inadvertent payment resulted in a benefit being conferred on each of the Defendants and that Defendants' retention of these benefits is inequitable. Id., ¶¶ 46-48. These allegations are sufficient to state a claim for unjust enrichment in Count III at the motion to dismiss stage. Defendants' request for dismissal under Rule 12(b)(6) should be denied.

B. Federal Rule of Civil Procedure 12(b)(7)

Alternatively, Defendants assert that the claims against Pleasant View Farms, Inc., Rick Rosentreter, Amy Rosentreter, Frances Rosentreter, Doug Rosentreter, Brent Rosentreter, and Matt Weyen should be dismissed pursuant to Rule 12(b)(7) for failure to join necessary parties under Federal Rule of Civil Procedure 19. Defendants contend that Plaintiffs have erroneously failed to join the true partners in Defendant Illinois Family Farms: Rick Rosentreter, LLC; Doug Rosentreter, LLC; Brent Rosentreter, LLC; Gerald Rosentreter, LLC; Matt Weyen, LLC; RRDR, LLC; RRBR, LLC; GRDR, LLC; and GRBR, LLC.

Rule 19 addresses required joinder of parties. Rule 19(a) provides:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

<u>Fed. R. Civ. P.</u> 19(a).[1] Defendants fail to establish that the individual partners of the general partnership Illinois Family Farms are necessary parties to the instant case. Under Illinois law, "[a] partnership may sue or be sued in the names of the partners as individuals doing business as the partnership, or in the firm name, or both." 735 ILCS 5/2-411(a). Defendants make no attempt to establish that any of the nine identified parties meet the requirements of Rule 19(a)(A) or (B). Defendants request to dismiss pursuant to Rule 12(b)(7) should be denied.

## CONCLUSION

THEREFORE, for the reasons set forth above, it is RECOMMENDED that Defendants' Motion to Dismiss (d/e 16) be DENIED. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within 14 working days after being served with an ECF copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver

---

[1] Because there is nothing in the record to indicate that joinder of the identified parties would not be feasible, Rule 19(b) does not apply.

of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

IT IS THEREFORE SO ORDERED.

ENTER:	December 15, 2010

   FOR THE COURT:


         _____s/ Byron G. Cudmore_____
         BYRON G. CUDMORE
       UNITED STATE MAGISTRATE JUDGE